BREVARD, j.
The defendanfhas.been indicted and'convicted of passing a counterfeit Spanish milled dollar, knowing it to- be counterfeit. The act under which he is indicted, after stating wha't coins shall be current in this State, declares any person who shall counterfeit, or alter, or attempt to pass, knowing them to be coun-' terfeit, any of the aforesaid gold or silver coins, or shall make or' keep in his or her possession, any stamp, die or mould for coining the same, shall be adjuged guilty of felony, &c. Grimke, 314. A motion is made for a new trial, on the ground that testimony was offered to prove, that the defendant had said,- some months before' this transaction toók-place, speaking of other dollars, that he had .made them. Also, that he had said, he had made and passed counterfeit dollars at fifty cents. It was also permitted to be proved that implements for counterfeiting were found in his possession. A motion is also made in arrest of judgment, on the ground that the offence is not charged to have been committed with au intention to defraud the prosecutor, or any other person.
With regard to the first, I am of opinion, the evidence ought not to have been received. East C. L. 123. Evidence of /act which went to prove substantive distinct offences, other than that with which the prisoner stood charged, ought not to have been admitted, *553 unless it went directly to prove him guilty of that offence. Fos. ter, 245, 246. Proof that he made this identical dollar, would have been conclusive evidence that he knew it to be counterfeit, and therefore, might have been proper. But proof that he made or passed any other dollar, or had implements for coining in his house, did not go to establish the fact, that he knew this dollar to be counterfeit, and, therefore, was improper. I am also in favor of the motion in arrest of judgment. Every indictment ought to shew on its face, that an offence has been committed. Now, it is no offence to pass counterfeit money, knowing it .to be so, unless it is with an intention to defraud.
Perhaps if it had been charged to have been done feloniously, it would have been sufficient: because that would have implied a fraudulent intention. And-I take it that such a charge is indispensable, in every indictment for felony. I do not understand the indictment to say, as is alleged'in the brief, that the counterfeit' dollar which was passed, was worth a hundred cents; but that a Spanish milled dollar, jn the similitude of which it was made, is of- that value. That grbundj therefore, is not entitled'to consideration.
New trial granted.
Gkjqike, Colcock, Bay, and Smith, Js., concurred.